# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2026

Lyle W. Cayce
Clerk

———————————

No. 25-60573
Summary Calendar

———————————

Daler Nazarkhudoev,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A246 575 666

———————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Daler Nazarkhudoev, a native of Tajikistan and a citizen of Tajikistan and Russia, petitions for review of a decision of the Board of Immigration Appeals (BIA) upholding a decision of an immigration judge (IJ) denying asylum, withholding of removal, and protection under the Convention

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60573

Against Torture (CAT). He argues that the BIA erred in determining that the IJ's adverse credibility finding was not clearly erroneous.

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Santos-Alvarado v. Barr*, 967 F.3d 428, 436 (5th Cir. 2020). Factual findings, including credibility determinations, are reviewed under the substantial evidence standard. *Id.* Reversal under the substantial evidence standard is improper unless the evidence not only supports a contrary conclusion but compels it. *Id.* at 436-37. Questions of law are reviewed de novo. *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021).

None of Nazarkhudoev's explanations for failing to disclose his arrest, detention, and beatings "compel a finding that, from the totality of the circumstances, no reasonable factfinder could have found [Nazarkhudoev] incredible." *Ghotra v. Whitaker*, 912 F.3d 284, 289 (5th Cir. 2019) (internal quotation marks and citation omitted). Rather, as the BIA found, this discrepancy goes to the heart of his claim; "therefore it "easily constitute[s] substantial evidence to support an adverse credibility finding." *Arulnanthy*, 17 F.4th at 593-94 (quote at 594).

An adverse credibility determination is dispositive as to asylum and withholding of removal claims. *See Arulnanthy*, 17 F.4th at 597 (asylum claim); *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012) (withholding claim). Given his lack of credible testimony, Nazarkhudoev must rely on independent evidence to establish his eligibility for CAT relief. *See Arulnanthy*, 17 F.4th at 598. But he cites neither his country conditions evidence nor his other documentary evidence, and he does not challenge the BIA's finding that "the independent evidence did not establish that the [Nazarkhudoev] is more likely than not to be tortured in Russia or Tajikistan." Accordingly, he has forfeited this court's review of the denial

2

No. 25-60573

of CAT relief. *See Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 594 (5th Cir. 2023).

The petition for review is DENIED. Counsel's motion to withdraw is DENIED as unnecessary.